1
2
3                    UNITED STATES DISTRICT COURT
4                    NORTHERN DISTRICT OF CALIFORNIA
5
6    CLEMENTE PEREZ LUNA,
7            Petitioner,                    Nos. C 07-2736 PJH/ 07-2887 PJH
                                            CR 90-0392 PJH
8
9        v.                                 **ORDER DISMISSING PETITIONER'S
                                            SECOND AND SUCCESSIVE
10                                          PETITIONS FOR RELIEF UNDER
                                            28 U.S.C. § 2255**
11   UNITED STATES OF AMERICA,
12           Respondent.
     _____/
13

14        Petitioner Clemente Perez Luna, a federal prisoner, proceeding pro se, recently filed

15   two motions, one on May 9, 2007, entitled a "motion to recall mandate," and the other on

16   May 21, 2007, entitled a "motion to amend federal rule civil procedure 15(a)(b) "relation

17   back," or via writ of habeas corpus section 2255. . . ." Because neither motion constituted

18   Luna's first § 2255 motion requiring the court to first inform Luna of any re-characterization

19   of the motions, the court appropriately re-characterized the two motions as motions to

20   vacate Luna's sentence under 28 U.S.C. § 2255, and corresponding civil cases were

21   opened by the Clerk.

22                              **BACKGROUND**

23        Luna is currently incarcerated at a federal penitentiary in Lompoc, California.  On

24   January 10, 1991, Luna was convicted by a jury of two counts involving a drug conspiracy,

25   including conspiracy with intent to distribute more than five kilograms of cocaine pursuant

26   to 21 U.S.C. § 846 in violation of 21 U.S.C. § 841(a)(1) and of the underlying substantive

27   possession charge, which included knowingly and intentionally possessing with intent to

28   distribute four kilograms of cocaine under § 841(a)(1).  On March 16, 1992, United States

1   District Judge Eugene Lynch sentenced Luna to life without parole on both counts, to run

2   concurrently. This was an enhanced sentence under § 841 based on two prior felony

3   convictions.

4       Subsequently, on July 31, 2001, Luna filed a motion to vacate his sentence under

5   § 2255, which this court denied on April 16, 2002.

6                                    **DISCUSSION**

7       Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief

8   if it concludes that "the sentence was imposed in violation of the Constitution or laws of the

9   United States, or that the court was without jurisdiction to impose such sentence, or that

10  the sentence was in excess of the maximum authorized by law, or is otherwise subject to

11  collateral attack."

12      Before a second or successive § 2255 motion is filed, it must be certified by a panel

13  of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven

14  and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

15  convincing evidence that no reasonable factfinder would have found the movant guilty of

16  the offense;" or "(2) a new rule of constitutional law, made retroactive to cases on collateral

17  review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255.

18  A district court has no jurisdiction to reach the merits of any successive claim unless

19  petitioner receives certification from the court of appeals. *See United States v. Allen*, 157

20  F.3d 661, 644 (9th Cir. 1998).

21      Because there is no evidence that Luna has obtained the requisite certification from

22  the Ninth Circuit Court of Appeals prior to the filing of the instant § 2255 petitions, they are

23  DISMISSED.  The clerk shall close the civil cases.

24  **IT IS SO ORDERED.**

25

26  Dated: June 25, 2007

27                                                  _____
                                                    PHYLLIS J. HAMILTON
28                                                  United States District Judge